# CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

Plaintiff Louis Tehan ("Plaintiff" or "Settlement Class Representative"), on behalf of himself and all others similarly situated, and Defendant MTC Holsters, LLC d/b/a Crossbreed Holsters ("Defendant" or "Crossbreed") (collectively, the "Parties"), hereby enter into this Class Action Settlement Agreement and Release ("Settlement Agreement" or "Agreement"), subject to Court approval. In consideration of the mutual promises, agreements, and covenants contained herein, the sufficiency and receipt of which are hereby acknowledged, the Parties agree as follows:

## I.    RECITALS

**WHEREAS**, on April 27, 2023, Plaintiff Louis Tehan filed his putative class action Complaint against Crossbreed in the United States District Court for the Western District of Missouri, Southern Division (No. 6:23-cv-03129) asserting causes of action for: (1) Negligence, (2) Breach of Confidence, (3) Breach of Implied Contract, (4) Breach of the Implied Covenant of Good Faith and Fair Dealing, and (5) Breach of the Fiduciary Duty of Confidentiality;

**WHEREAS**, in the class action Complaint (the "Complaint"), Settlement Class Representative seeks to certify a class affected by the Data Incident as follows:

> **The Nationwide Class**: all individuals within the United States of America whose PII was exposed to unauthorized third parties as a result of the Data Breach discovered on December 5, 2022.

> **The Ohio Subclass**: all individuals within the State of Ohio whose PII was stored by Defendant and/or was exposed to unauthorized third parties as a result of the Data Breach discovered by Defendant on December 5, 2022.

**WHEREAS**, Crossbreed denies liability, and Plaintiff and Crossbreed recognize the outcome of the Action and the claims asserted in the Complaint are uncertain, and that pursuing the Action to judgment would entail substantial cost, risk and delay;

**WHEREAS**, the Parties have explored and discussed at length the factual and legal issues in the Action and have participated in mediation with the Honorable Charles Atwell, concerning the issues raised by Plaintiff in the Action, and have agreed to a global, final settlement of the Action that renders the need for further litigation unnecessary;

**WHEREAS**, the Parties desire to compromise and settle all issues, claims, and/or facts asserted in the Action, or that could have been asserted based upon the facts alleged in the Action, by or on behalf of Settlement Class Representative and the Class;

**WHEREAS**, Settlement Class Representative, by and through Class Counsel, has (a) made a thorough investigation of the facts and circumstances surrounding the allegations asserted in the Action, (b) engaged in investigation of the claims asserted in the Action, including informal discovery obtained by the Settlement Class Representative in connection with the Action and prior

to execution of this Agreement, and (c) evaluated and considered the law applicable to the claims asserted in the Action, including the defenses that Crossbreed likely would assert;

**WHEREAS**, Plaintiff's counsel is experienced in this type of class litigation, recognizes the costs and risks of prosecution of this Action, and believe that it is in Settlement Class Representative's interest, and the interest of all Class Members, to resolve this Action, and any and all claims against Crossbreed arising from the conduct alleged in the Action, and in this Settlement Agreement;

**WHEREAS**, Crossbreed does not believe Settlement Class Representative's claims are meritorious and has denied and continues to deny any and all claims alleged by Settlement Class Representative, and has denied and continues to deny that it is legally responsible or liable to Settlement Class Representative or any member of the Class for any of the matters and/or claims asserted in this Action, but has concluded that settlement is desirable to avoid the time, expense, and inherent uncertainties of defending protracted litigation and to resolve, finally and completely, all pending and potential claims of Settlement Class Representative and all members of the Class relating to claims which were or could have been asserted by Settlement Class Representative and the Class in this Action relating to the alleged practices and Data Incident at issue;

**WHEREAS**, the Parties agree that the proposed Settlement is fair, adequate, and reasonable;

**WHEREAS**, significant arm's-length settlement negotiations have taken place between the Parties and, as a result, this Settlement Agreement has been reached without collusion, subject to the Court-approval process set forth herein;

**WHEREAS**, the undersigned Parties believe this Settlement Agreement offers significant benefits to Class Members and is fair, reasonable, adequate and in the best interest of Class Members; and

**WHEREAS**, this Settlement Agreement is made and entered into by and between Settlement Class Representative, individually and on behalf of the Class, and Crossbreed;

**NOW, THEREFORE**, it is hereby stipulated and agreed, by and between the Parties, as follows:

## II.     TERMS OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiff, individually and on behalf of the Settlement Class, Settlement Class Counsel, and Crossbreed that, subject to the approval of the Court, the Action and the Released Claims (as defined below) shall be finally and fully compromised, settled, and released, and the Lawsuit shall be dismissed with prejudice as to the Parties, the Settlement Class, and the Settlement Class Members, except those Settlement Class Members who lawfully opt-out of the Settlement Agreement, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

# 1. DEFINITIONS

As used in this Settlement Agreement, the following terms shall have the meanings set forth below. Where appropriate, terms used in the singular shall be deemed to include the plural and vice versa.

1.1.    "Action" means the case styled *Tehan v. MTC Holsters, LLC, d/b/a Crossbreed Holsters,* No. 6:23-cv-03129 (United States District Court, Western District of Missouri).

1.2.    "CAFA Notice" means the notice of the Settlement to the appropriate federal and state officials, as provided by the Class Action Fairness Act, 28 U.S.C. §1715, et seq. ("CAFA").

1.3.    "Calendar Days" means every day on a calendar, except, when computing any period of time prescribed or allowed by this Settlement Agreement, does not include the day of the act, event, or default from which the designated period of time begins to run. Further, when computing any period of time prescribed or allowed by this Settlement Agreement, include the last day of the period, unless it is a Saturday, a Sunday, or a Federal legal holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or Federal legal holiday.

1.4.    "Class Counsel" and "Proposed Class Counsel" means Cole & Van Note.

1.5.    "Claim Deadline" means the postmark and/or online submission deadline for Valid Claims, which shall be forty-five (45) days from the Class Notice Date, or a date otherwise ordered by the Court.

1.6.    "Claim Form" means the form a Final Settlement Class Member must submit to receive a Settlement Share under this Agreement, substantially similar to **Exhibit A**.

1.7.    "Class Members" and "Settlement Class Members" mean members of the "Class" and "Settlement Class" as set forth in Paragraph 2 above.

1.8.    "Class Notice" means the Court-approved form of Notice to the Class posted on the Settlement Website substantially similar to **Exhibit B** hereto, mutually agreed upon by the Parties, informing the Class of, among other things; (a) the preliminary approval of the Settlement, (b) the scheduling of the Final Approval Hearing, (c) the Settlement benefits available to Final Settlement Class Members, and (d) their opportunity to participate in, object to or exclude themselves from the Settlement.

1.9.    "Class Notice Date" means twenty (20) calendar days after the Court's entry of the Preliminary Approval Order.

1.10.    "Court" means Judge Stephen R. Bough of the United States District Court for the Western District of Missouri, Southern Division, or such other judge to whom the Action may hereafter be assigned.

1.11.    "Crossbreed" means Defendant MTC Holsters, LLC d/b/a Crossbreed Holsters.

1.12.  "Data Incident" means the cyberattack incident allegedly involving unauthorized access to Crossbreed's website discovered on or about December 5, 2022.

1.13.  "Defendant's Counsel" means Jon Kardassakis and Kathryn Honecker, Lewis Brisbois Bisgaard & Smith LLP.

1.14.  "Effective Date" means thirty-one days (31) day after entry of the Final Approval Order and Judgment  if no appeal, writ or other appellate proceeding challenging the Court's Final Approval Order and Judgment has been filed, or thirty one (31) days after any appeal, writ or other appellate proceedings have been decided and the Judgment affirmed.

1.15.  "Final Approval Hearing" means the hearing at which the Court will consider and decide whether to enter the Final Approval Order and at which the Court may or may not consider and decide approving payment of any Service Award and Plaintiff's Counsel's Fees and Expenses.

1.16.  "Final Approval Order" means the final judgment and order of dismissal with prejudice to be entered in the Action in connection with the approval of this Settlement Agreement after the Final Approval Hearing.

1.17.  "Final Settlement Class" refers to all members of the Settlement Class who do not timely and validly exclude themselves from this settlement in compliance with the exclusion procedures set forth in this Agreement.

1.18.  "Final Settlement Class Member" refers to a member of the Final Settlement Class.

1.19.  "Notice" means the written notice to be sent or published to Settlement Class Members pursuant to the Preliminary Approval Order.

1.20.  "Objection Date" means forty-five (45) days from the Class Notice Date, or a date otherwise ordered by the Court, for members of the Class to object to the Settlement Agreement.

1.21.  "Parties" means Plaintiff, individually and on behalf of the Settlement Class, and Crossbreed.

1.22.  "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.23.  "Plaintiff" means Louis Tehan.

1.24.  "Plaintiff's Counsel's Fees and Expenses" means an amount not to exceed one third of the total settlement fund, or sixty-five thousand dollars ($65,000), for attorneys' fees, plus litigation costs, or any lesser amount approved or ordered by the Court to be paid from the Settlement Fund.

1.25. "Preliminary Approval Order" means an order directing issuance of Notice to Settlement Class Members, determining that the Court will likely be able to approve the Settlement under the Federal Rules of Civil Procedure, and determining that the Court will likely be able to certify the Settlement Class for purposes of judgment, that is consistent with all material provisions of this Settlement Agreement. Class Counsel will file the Preliminary Approval Order, which Defendant's Counsel will not oppose.

1.26. "Released Claims" means any and all claims or causes of action that the Plaintiff or any Class Member has against Defendant or the Released Parties as well as any and all past, present, and future claims, causes of action, damages, penalties, attorneys' fees, costs, and any other form of relief or remedy in law, equity, of whatever kind or nature and for any relief whatsoever, including monetary, injunctive, or declaratory relief, whether direct or indirect for any acts that were pled or could have been pled in the Action based on the facts, subject matter, or the factual or legal allegations in the Complaint, regardless of whether such claims arise under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law. Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement and shall not include the claims of Class Members who have timely excluded themselves from this settlement using the protocol described herein.

1.27. "Related Entities" means respective past or present agents, officers, directors, employees, attorneys, insurers, coinsurers, reinsurers, servants, members, partners, principals, shareholders, owners, parents, subsidiaries, divisions, partnerships, and related or affiliated entities and all persons or entities who acted on behalf of Crossbreed, and each of their respective predecessors, successors, members, managers, agents, directors, officers, employees, principals, agents, attorneys, executors, heirs, administrators, joint ventures, personal representatives, assigns, transferees, trustees, insurers, coinsurers, and reinsurers, and includes, without limitation, any Person related to any such entity who is, was, or could have been named as a defendant in any of the actions in the Litigation.

1.28. "Released Parties" means Crossbreed and its Related Entities.

1.29. "Request for Exclusion" means a timely and valid request by any Class Member for exclusion from the Settlement. To the extent any Class Member delivers both a timely and valid Claim Form to the Settlement Administrator and a timely and valid request for exclusion, the request for exclusion will be deemed to be invalid and the Claim Form will be processed.

1.30. "Request for Exclusion Deadline" means forty-five(45) days from the Class Notice Date, or a date otherwise ordered by the Court, for Class Members to request exclusion from this Settlement.

1.31. "Service Award" means the amount to be paid to Settlement Class Representative to compensate him for the time and effort spent pursuing the Action on behalf of the Class, subject to approval of the Court, which shall not exceed an amount of ten thousand dollars ($10,000).

1.32. "Settlement" means the settlement of the Action upon the terms and conditions set forth in this Settlement Agreement.

1.33.    "Settlement Agreement" means this Settlement Agreement, including all exhibits hereto.

1.34.    "Settlement Administrator" means a qualified organization as agreed upon by the Parties.

1.35.    "Settlement Class" means all individuals residing in the United States to whom Defendant or its authorized representative sent notice of the Data Incident discovered on or about December 5, 2022, who received such notice by the date this Settlement Agreement was executed. Excluded from the Settlement Class are: (a) the Judge presiding over the Lawsuit, any members of the Judges' staff, and immediate members of the Judge's family, (b) officers, directors, members and shareholders of Defendant, (c) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class; (d) the successors and assigns of any such excluded persons, and (e) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Data Breach or who pleads *nolo contendere* to any such charge.

1.36.    "Settlement Class Counsel" means Laura Van Note with Cole & Van Note.

1.37.    "Settlement Class Member(s)" mean all person who fall within the definition of the Settlement Class.

1.38.    "Settlement Class Representative" means Louis Tehan.

1.39.    "Settlement Fund" shall have the meaning ascribed to it in Paragraph 3.1.

1.40.    "Settlement Share" refers to the pro rata payment as calculated in Section V(4) to which a member of the Final Settlement Class who timely submits a valid Claim Form becomes entitled pursuant to this Settlement. To be timely, a member of the Final Settlement Class must submit a timely and valid Claim Form by the Claim Deadline.

1.41.    "Settlement Website" means the website to be established by the Settlement Administrator that will inform members of the Settlement Class of the terms of this Settlement Agreement, their rights, dates and deadlines and related information, and shall include in .pdf format and available for download the following: (a) the Class Notice, (b) the Claim Form, (c) the Preliminary Approval Order, (d) this Settlement Agreement, (e) the Complaint, and (f) any other materials agreed upon by the Parties and/or required by the Court.  The Settlement Website shall provide the members of the Settlement Class with the ability to complete and submit the Claim Form electronically.

1.42.    "Settling Parties" means, collectively, Crossbreed and Plaintiff, individually and on behalf of the Final Settlement Class Members.

1.43.    "United States" includes all 50 states, the District of Columbia, and all territories.

1.44.    "Unknown Claims" means any of Plaintiff's Released Claims that Plaintiff or any Settlement Class Member does not know or suspect to exist in his or her favor at the time of the release, which, if known by him or her, might have affected his or her settlement with and release

of the Released Defendant, or might have affected his or her decision not to object to this Settlement or seek exclusion from this Settlement. With respect to any and all of Plaintiff's Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiff shall expressly waive and relinquish and each of the Settlement Class Members shall be deemed to have, and by operation of the Final Order and Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of any state, federal or foreign law or principle of common law, which may have the effect of limiting the release set forth herein. This includes a waiver by Plaintiff and Settlement Class Members of any rights pursuant to section 1542 of the California Civil Code (or any similar, comparable, or equivalent provision of any federal, state, or foreign law, or principle of common law), which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

1.45. "Valid Claims" means Settlement Claims in an amount approved by the Settlement Administrator or found to be valid through the claims processing and/or Dispute Resolution process, or through the process for review and challenge set forth in the section entitled, "Settlement Administration."

## 2. **REQUIRED EVENTS**

2.1. Promptly after execution of this Settlement Agreement by all Parties:

2.2. Class Counsel and Defendant's Counsel shall take all reasonable and necessary steps to obtain entry of the Preliminary Approval Order and obtain entry of the Final Approval Order. Class Counsel shall prepare and file all documents in connection with the Motion for Preliminary Approval and the Motion for Final Approval.

2.3. In the event that the Court fails to issue the Preliminary Approval Order, or fails to issue the Final Approval Order, the Parties agree to use their best efforts, consistent with this Settlement Agreement, to cure any defect(s) identified by the Court. If, despite their best efforts, the Parties cannot cure said defect(s), the Settlement Agreement is voidable at the election of the Settlement Class Representative or Defendant with each party returning to their respective pre-settlement posture and without prejudice or waiver to any party's pre-settlement position on any legal or factual issue.

2.4. The Parties acknowledge that prompt approval, consummation, and implementation of the Settlement set forth in this Agreement are essential. The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement Agreement, shall promptly perform their respective obligations hereunder and shall promptly take any and all actions and execute and deliver any and all additional documents and all other materials and/or information reasonably necessary or appropriate to carry out the terms of this Settlement Agreement and the transactions contemplated hereby.

2.5.    Upon Entry of the Final Approval Order, the Court must enter Judgment in accordance with the terms of this Settlement Agreement, substantially as provided in the Final Approval Order. The Final Approval Order must enjoin the prosecution of any litigation or class action by Plaintiff or any Class Member related to or arising out of the Complaint and Action.

## 3.  <u>SETTLEMENT BENEFITS</u>

3.1.    <u>Cash Payment:</u> Crossbreed agrees to pay Plaintiff and the Final Settlement Class one hundred and ninety-five thousand dollars ($195,000). The cash payment of one hundred and ninety-five thousand dollars ($195,000) will be referred to as the "Settlement Fund." No later than twenty (20) calendar days after entry of the Preliminary Approval Order, and upon the receipt of sufficient payment information from the Settlement Administrator, Defendant will advance to the Settlement Administrator the estimated cost of preparing and mailing the Notice to Class Members. The balance of the amount required by Defendant to be paid to the Settlement Administrator in connection with the Final Approval Order will be due within ten (10) business days of the Effective Date. The Settlement Administrator shall establish a Qualified Settlement Fund (QSF), as defined by 26 C.F.R. 1.468B-1, for the deposit of the payment of the balance of the Settlement Fund. Under no circumstances will Crossbreed have any further monetary payment obligation other than the payment of the Settlement Fund.

3.2.    <u>Payments from Settlement Fund:</u> The costs of settlement administration, including notice and distributions to members of the Final Settlement Class, the costs of administrating the Settlement Fund, and reasonable fees of the Settlement Administrator, Plaintiff's Counsel's Fees and Expenses as approved by the Court and the Settlement Class Representative's Service Award as approved by the Court shall be paid exclusively from the Settlement Fund. There will be no reversion of the Settlement Fund to Crossbreed.

3.3.    <u>Service Award to the Settlement Class Representative:</u> Class Counsel will move the Court for approval of a Service Award payment from the Settlement Fund for the Settlement Class Representative in an amount, subject to paragraph 3.7,  not to exceed ten thousand dollars ($10,000) for the Class Representative, in recognition of the risks taken by him as the Class Representative in commencing the Action, both financial and otherwise. Defendant will not oppose Class Counsel's request for Service Award payments from the Settlement Fund in this amount. The Service Award shall be in addition to the other benefits provided by the Settlement to Final Settlement Class Members. If awarded by the Court, the Settlement Administrator shall pay from the Settlement Fund the Service Award to the Class Representative in the manner directed by Class Counsel within fifteen (15) business days after the Effective Date.

3.4.    <u>Payment of Plaintiff's Counsel's Fees and Costs:</u> Class Counsel will move the Court for approval of an award of Plaintiff Counsel's fees to be paid from the Settlement Fund in an amount, subject to paragraph 3.7,  not to exceed one third of the total Settlement fund, or sixty-five thousand dollars ($65,000), plus litigation costs and expenses. If awarded by the Court, the Settlement Administrator shall pay from the Settlement Fund any Plaintiff Counsel's Fees and Expenses in the amounts awarded by the Court within fifteen (15) business days after the Effective Date.  Payment will be made as directed by Class Counsel.

3.5.    <u>Payment of Settlement Share to Final Settlement Class Members:</u> Each member of

the Final Settlement Class who submits a timely and valid Claim Form electing the Settlement Share benefit shall be entitled to receive a cash distribution payment from the Settlement Fund, subject to paragraph 3.7, referred to as the "Settlement Share."

3.6. <u>Priority of Payments</u>: The Settlement Fund will be allocated in the following order, subject to paragraph 3.7:

    A. First, to cover the cost of notice and settlement administration.

    B. Second, to reimburse Ordinary and/or Extraordinary Out-of-Pocket Losses and Attested Time.

    C. Third, to pay the Service Award approved by the Court.

    D. Fourth, to cover the amount of Plaintiff's Counsel's Fees and Expenses awarded by the Court.

    E. Finally, any remaining funds will be allocated to Alternative Cash Payments.

The payments for Ordinary and/or Extraordinary Out-of-Pocket Losses and Attested Time, the Service Award, and Plaintiff's Counsel's Fees and Expenses shall be collectively referred to as the "Required Payments."

3.7 <u>Pro Rata Distribution in the Event of Insufficient Funds</u>: If, after calculating reimbursements for Ordinary and/or Extraordinary Out-of-Pocket Losses and Attested Time, the Settlement Fund is insufficient to fully pay the cost of notice and settlement administration and the Required Payments, each of the Required Payments will be decreased on a pro rata basis to consume the amount of the Settlement Fund remaining after payment of the cost of notice and settlement administration is deducted.

3.8 <u>CAFA Notice</u>: Within ten (10) days of the filing of the Motion for Preliminary Approval, the Settlement Administrator acting on Crossbreed's behalf shall provide notice to state Attorneys General or others as required by 28 U.S.C. § 1715(b).

## 4. **CASH PAYMENTS FOR CLASS MEMBERS**

4.1. Members of the Final Settlement Class will be required to submit a Claim Form to receive a distribution payment from the Settlement Fund referred to as the "Settlement Share." In no event shall a Final Settlement Class Member receive more than one Settlement Share. The Settlement Administrator will issue Settlement Share checks only to Final Settlement Class Members who submit timely and valid Claim Forms electing a Settlement Share.

4.2. The process for submitting a Claim Form is designed to be as simple and convenient as possible. To be entitled to receive a Settlement Share under this Agreement, Class Members must properly complete a Claim Form and timely deliver it to the Settlement Administrator within forty-five (45) days from the Class Notice Date. The delivery date for submission of a Claim Form is deemed to be the date (a) the form is deposited in the U.S. Mail as evidenced by the postmark, in the case of submission by U.S. Mail, or (b) in the case of submission electronically through the

Settlement Website, the date the Settlement Administrator receives the form, as evidenced by the transmission receipt. Any Class Member who fails to submit a valid and timely Claim Form will not receive a Settlement Share under this Agreement.

4.3.    All Final Settlement Class Members may make claims under the Settlement Fund as set forth below.

4.4.    Settlement Administrator will pay, subject to paragraph 3.7, valid and timely submitted claims for each of the following categories:

### 4.4.1.    **"Ordinary" Out-of-Pocket Losses and Attested Time**

All Final Settlement Class Members may submit a claim for Ordinary Out-of-Pocket Losses and Attested Time seeking reimbursement for up to five hundred dollars ($500) per individual.

(a) "Ordinary Out-of-Pocket Losses" are unreimbursed costs or expenditures incurred by a Final Settlement Class Member in responding to notice of the Data Incident that were incurred between December 5, 2022 and the Claims Deadline, as result of the Data Incident.

(b) Final Settlement Class Members who elect to submit a claim for reimbursement of Ordinary Out-of-Pocket Losses must provide to the Settlement Administrator a completed claim form and the information required to evaluate the claim, including: (1) the Final Settlement Class Member's name and current address, (2) documentation supporting their claim, and (3) a brief description of the documentation describing the nature of the loss, if the nature of the loss is not apparent from the documentation alone. Documentation supporting Ordinary Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Final Settlement Class Member that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

(c) Final Settlement Class Members with Ordinary Out-of-Pocket Losses may also submit a claim for up to three (3) hours of time spent remedying issues related to the Data Incident at a rate of thirty-five dollars ($35) per hour. Final Settlement Class Members must provide an attestation and a brief description of (1) the actions taken in response to the Data Incident and (2) the time associated with each action ("Attested Time"). Reimbursement for Attested Time is included in the total maximum reimbursement of up to five hundred dollars ($500) per person for Out-of-Pocket Losses.

### 4.4.2.    **Reimbursement for "Extraordinary" Out-of-Pocket Losses**

Final Settlement Class members who believe they have suffered identity theft, fraud, or other extraordinary losses may submit a claim for reimbursement for Extraordinary Out-of-Pocket Losses of up to two thousand and five hundred ($2,500) per individual.

(a) "Extraordinary Out-of-Pocket Losses" are proven monetary losses incurred by a Final Settlement Class Member that are more likely than not caused by the Data Incident and are losses that are not already covered by one or more of the normal reimbursement categories. Extraordinary Out-of-Pocket Losses are actual, documented, and unreimbursed costs, expenses, losses or charges incurred a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of the Final Settlement Class Member's personal information. The loss must have occurred between December 5, 2022 and the Claims Deadline. The Final Settlement Class Member must have made efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance.

(b) Final Settlement Class Members who elect to submit a claim for reimbursement of Extraordinary Out-of-Pocket Losses must provide to the Settlement Administrator a completed claim form and the information required to evaluate the claim, including: (a) the Final Settlement Class member's name and current address, (b) documentation supporting their claim, and (c) a brief description of the documentation describing the nature of the loss, if the nature of the loss is not apparent from the documentation alone. Documentation supporting Extraordinary Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Final Settlement Class Member that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

(c) Final Settlement Class Members seeking out-of-pocket expense reimbursement must complete and submit either a written or online claim form to the Settlement Administrator, postmarked or electronically submitted on or before the Claim Deadline. The claim form must be verified by the Final Settlement Class Member with an attestation that the claimant believes that the losses or expenses claimed were incurred as a result of the Data Incident.

### 4.4.3 <u>Alternative Cash Payments</u>

In lieu of making a claim for reimbursement of Ordinary and/or Extraordinary Out-of-Pocket Losses and Attested Time, Final Settlement Class Members may elect to receive a cash payment.

(a) Alternative Cash Payments will only be made if the Settlement Fund is sufficient to pay for the cost of notice and settlement administration and the Required Payments at 100%.

(b) Any funds remaining in the Settlement Fund after the full cost of notice and settlement administration and the Required Payments is deducted shall be distributed equally to all Final Settlement Class Members who elect an

alternative Cash Payment.

4.5.    <u>Settlement Administrator Reporting</u>:  The Settlement Administrator shall provide Class Counsel and Defendant's counsel with a bi-monthly report informing them of any and all Claim Forms received by to the Settlement Administrator following the Class Notice Date. The Settlement Administrator must file a Declaration reporting on the mailing of the Class Notice and identifying the number of Claim Forms, Requests for Exclusion and objections received no later than sixteen (16) court days prior to the Final Approval Hearing.

4.6.    <u>Amount of Settlement Share Checks Sent to Final Settlement Class Members</u>: The amount of each Settlement Share check sent to members of the Final Settlement Class who submit a timely and valid Claim Form will be determined by the Settlement Administrator by making a calculation of a pro rata cash distribution payment from the Settlement Fund to all members of the Final Settlement Class who submit a timely and valid Claim Form.

4.7.    <u>Disbursement of Settlement Share Checks</u>: Within ten (10) days of the Effective Date, the Settlement Administrator will disburse Settlement Share checks to each Final Settlement Class Member who submits a timely and valid Claim Form electing a Settlement Share. For any Settlement Share check returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator will make reasonable efforts to find a valid address, including skip tracing, and will resend any returned Settlement Share check within thirty (30) days after the Settlement Share check is returned to the Settlement Administrator as undeliverable.

4.8.    <u>Failure to Cash Settlement Share Checks</u>: Absent a demonstration of reasonable circumstances for excuse, any Settlement Share check not cashed within ninety (90) days of issuance (based on the date of the check) will be deemed expired. Any member of the Final Settlement Class who does not cash their Settlement Share check within the aforementioned time period may petition the Settlement Administrator within thirty (30) days of the expiration of their uncashed check to reissue their Settlement Share check, and the Settlement Administrator will issue a new check. Members of the Final Settlement Class are entitled to only one petition on this basis, and any Settlement Share check reissued for such reasonable circumstances will expire within thirty (30) days of issuance (based on the date of the check). Final Settlement Class Members who do not timely cash their Settlement Share checks and who fail to petition for a reissuance of the uncashed Settlement Share check will be considered as having waived any right to a cash payment under the Settlement Agreement but will still be able to obtain other benefits provided by the Settlement. In no event will a Final Settlement Class Member be permitted to cash a check once the value of uncashed checks has been paid to a *cy pres* organization.

4.9.    <u>Payment of Uncashed Checks to a Cy Pres Organization (if necessary)</u>: The total amount of uncashed Settlement Share checks will be paid to Project Childsafe to be used for the provision of programming and services that promote firearms safety and education.

## 5. SETTLEMENT ADMINISTRATION

5.1.    Engagement of Settlement Administrator: Promptly upon entry of the Preliminary Approval Order (if not sooner), the Parties shall engage a Settlement Administrator, which shall be paid reasonable fees exclusively from the Settlement Fund.

5.2.    Class Member Information:  No later than ten (10) days after entry of the Preliminary Approval Order, Crossbreed shall provide the Settlement Administrator with Settlement Class Member information necessary for the Settlement Administrator to deliver Notice to Settlement Class Members.

5.3.    Subject to the supervision and direction of the Court, the Settlement Administrator will oversee the implementation and administration of the claims process, including (a) calculation of cash payments and supplemental cash payments, if necessary, based on Defendant's records; (b) validation of Claim Forms and approval of payment of cash payments and supplemental cash payments, if necessary; (c) distribution of cash payments and supplemental cash payments, if necessary, from the Net Settlement Fund; and (d) preparation and dissemination of reports, on a monthly or other periodic basis and as requested, to Co-Lead Class Counsel regarding the status of the claims process and of cash payments and supplemental cash payments, if necessary.

5.4.    In administering the claims process, the Settlement Administrator shall act in good faith and make reasonable efforts to determine whether a Claim Form is valid and payable in accordance with this Agreement and any Court order.  That determination shall be based on: (a) the information provided on the Claim Form; and (b) the records provided by Defendant. The validity of a Claim Form and amount of any cash payments or supplemental cash payments will be assessed by the Settlement Administrator based on the totality of the information and documentation.

5.5.    Duties of Settlement Administrator: In addition to other duties as set forth in this Agreement, the Settlement Administrator shall be solely responsible for the following:

      (a)    Preparing, printing, and disseminating Notice to Settlement Class Members;

      (b)    No later than the Class Notice Date, electronically transmitting Notice to Settlement Class Members for whom email addresses are available, and sending Notice via First Class U.S. Mail, postage pre-paid, to Settlement Class Members for whom email addresses are not available. The Parties agree to use their best efforts and to work cooperatively to obtain the best practicable Settlement Class Member contact information prior to the date of mailing of the first Postcard Notice. For those Postcard Notices that are returned as undeliverable with a forwarding address, the Settlement Administrator will forward the Postcard Notice to the new address.  For those Postcard Notices that are returned as undeliverable with no forwarding address, the Settlement Administrator will run a skip trace in an attempt to obtain a current address and re-mail Postcard Notices to any current addresses it locates;

(c) From the date of transmission or mailing of the first Notice, and thereafter for six (6) months after the Effective Date, maintaining (i) the Settlement Website, and (ii) a toll-free number with recorded answers to commonly asked Settlement questions, the ability to leave a message and request a call back and reference to the Settlement Website;

(d) Keeping track of Requests for Exclusion, including maintaining the original mailing envelope in which each request was mailed;

(e) Keeping track of Claim Forms, including maintaining the original mailing envelope in which each form was mailed;

(f) Keeping track of objections, including maintaining the original mailing envelope in which each objection was mailed;

(g) Keeping track of all other communications from Settlement Class Members, including maintaining the original mailing envelope in which any communication was mailed;

(h) Maintaining adequate records of its activities, including the dates of each transmission or mailing of Class Notices, returned mail and other communications, and attempted written or electronic communications with Class Members;

(i) Promptly furnishing to counsel for the Parties (i) copies of any Requests for Exclusion, (ii) copies of any objections, and (iii) all other written or electronic communications received from Settlement Class Members;

(j) Determining whether Requests for Exclusion comply with the terms of this Agreement and are timely and valid and effective to exclude the submitting Settlement Class Member from the Class;

(k) Determining whether Claim Forms comply with the terms of this Agreement and are timely and valid;

(l) Promptly preparing and distributing any rejection of a Request for Exclusion to the submitting Settlement Class Member. Rejections shall set forth the reasons for rejection, including the reason(s) the Request for Exclusion fails to comply with the terms of this Agreement;

(m) Promptly preparing and distributing notices of deficiencies to the submitting Settlement Class Member that set forth the reasons their Claim Form is deficient, including the reason(s) the Claim Form fails to comply with the terms of this Agreement;

(n) Delivering to the Parties' counsel in a reasonably timely manner, but in no event later than sixteen (16) court days before the Final Approval Hearing,

a written report concerning all Requests for Exclusion (valid and invalid), all Claim Forms (valid and deficient), and all objections;

(o)     Establishing a Qualified Settlement Fund (QSF), as defined by 26 C.F.R. 1.468B-1, for the deposit of the Settlement Fund payment, ensuring that all taxes associated with the administration of the Settlement Fund are timely paid to the appropriate tax authorities and all tax filings are timely filed, which taxes shall be paid from the Settlement Fund;

(p)     Determining the Settlement Share of each member of the Final Settlement Class in accordance with this Agreement;

(q)     Preparing a list of Final Settlement Class Members;

(r)     No later than ten (10) days after the Effective Date, distributing the Settlement Share of each Final Settlement Class Member who submitted a timely and valid Claim Form by sending a check by First Class Mail to each such member in the amount of the Settlement Share;

(s)     No later than fifteen (15) calendar days after the Effective Date, distributing any Service Award approved by the Court in the amount of the award approved by the Court to their attorneys of record;

(t)     No later than fifteen (15) days after the Effective Date, preparing and distributing, in accordance with this Agreement and the Final Approval Order, Plaintiff's counsel's reasonable attorneys' fees and costs as directed by Class Counsel; and

(u)     Confirming in writing its completion of the administration of the Settlement.

5.6     The Settlement Administrator shall have the right to contact Settlement Class Members to complete or validate their Claim Forms, and such Settlement Class Members shall be permitted to try to cure any deficiencies with their claims within thirty (30) calendar days after the Claims Deadline or the date of the deficiency notification sent by the Settlement Administrator, whichever is later.  If a timely Claim Form is rejected by the Settlement Administrator as deficient (for example, the Settlement Class Member failed to sign or electronically sign the Claim Form), the Settlement Administrator shall notify the claimant by email.  Such Settlement Class Members shall have thirty (30) calendar days from the Claims Deadline or the date of the deficiency notification sent by the Settlement Administrator, whichever is later, to cure the deficiency.

5.7     If a Settlement Class Member wishes to dispute the rejection of a Claim Form or the calculation of his or her cash payment (if any) or supplemental cash payment (if any), he or she may so notify the Settlement Administrator and must produce any supporting information or documentation requested by the Settlement Administrator no later than thirty (30) calendar days after the Claims Deadline or the date of the deficiency notification sent by the Settlement Administrator, whichever is later.

5.8    The Settlement Administrator will evaluate any additional information or documentation submitted by the Settlement Class Member, consult with Class Counsel, and then decide whether the Claim Form should be accepted and/or if the payments of any cash payment or supplemental cash payment should be adjusted.

5.9    The determination by the Settlement Administrator will be final and binding, and the Settlement Administrator will notify the Settlement Class Member of the final determination as to his or her dispute.

5.10    Any Settlement Class Member who fails to timely submit a valid Claim Form by the Claim Deadline (except for those Settlement Class Members who timely cure any deficiency with their Claim Form) shall be forever barred from receiving any cash payment, supplemental cash payment, or other monetary relief pursuant to this Agreement, but will in all other respects be subject to and bound by the provisions of this Agreement, the releases (as described in Section IX in this Agreement), and the Final Approval Order.  Notwithstanding the foregoing, the Settlement Administrator shall have the discretion (but not the obligation) to accept Claim Forms for review that are received shortly after the Claims Deadline if Class Counsel agrees.

5.11    No Person shall have any claim against Plaintiff, Class Counsel, Defendant, Defendant's Counsel or the Settlement Administrator, or any other Person designated by Class Counsel, based on the amount of a cash payment and supplemental cash payment, or the determination, calculation, or distribution of a cash payment and supplemental cash payments made substantially in accordance with this Agreement and the Settlement set forth in this Agreement or further order(s) of the Court.

5.12    Released Defendant shall have no responsibility for, interest in, or liability whatsoever with respect to the amount or calculation of any cash payment and supplemental cash payment, the determination, distribution, or administration of any cash payment, supplemental cash payment, or the Settlement Fund, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection with such matters. Plaintiffs, Settlement Class Members, and Class Counsel hereby release Released Defendant from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund. Notwithstanding the foregoing, Defendant shall reasonably cooperate to the fullest extent possible in providing all reasonably available records in its possession necessary to: (a) confirm Settlement Class membership; (b) ascertain Settlement Class Members' email and home addresses; (c) calculate the amount of cash payments; and (d) if necessary, calculate the amount of supplemental cash payments.

5.13    <u>Costs of Settlement Administration</u>: All expenses incurred in administering this Settlement Agreement, including, without limitation, the cost of the Notice, Settlement Website, and toll-free telephone line, the cost of distributing and administering the benefits of the Settlement Agreement, and the Settlement Administrator's reasonable fees shall be paid to the Settlement Administrator from the Settlement Fund, subject to the approval of the Court.

## 6. REQUESTS FOR EXCLUSION BY SETTLEMENT CLASS MEMBERS

6.1.     Any Settlement Class Member may make a Request for Exclusion by mailing such request in writing to the Settlement Administrator at the address set forth in the Class Notice. Any Request for Exclusion must be postmarked no later than forty-five (45) days after the Class Notice Date or such other date specified in the Court's Preliminary Approval Order. The Request for Exclusion shall (a) state the Class Member's full name and current address, and personal signature, and (b) specifically state his or her desire to be excluded from the Settlement and the Class. Failure to comply with these requirements or to timely submit the Request for Exclusion will result in the Final Settlement Class Member being bound by the terms of the Settlement.

6.2.     Any Class Member who submits a timely Request for Exclusion may not make any objections to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

6.3.     The Settlement Administrator shall provide Class Counsel and Defendant's counsel with a weekly report informing them of any Requests for Exclusion received by the Settlement Administrator during each week following the Class Notice Date. The Settlement Administrator must provide Class Counsel with a declaration identifying all Class Members who requested exclusion from the Settlement and indicating those requests that were untimely no later than sixteen (16) court days prior to the Final Approval Hearing. Class Counsel will file with the Court and serve Crossbreed with the declaration along with their motion for final approval of the Settlement.

6.4.     No Party will solicit or encourage Requests for Exclusion. Any attempt to do so by Plaintiff or Defendant will be deemed a breach of this Settlement Agreement.

## 7. OBJECTIONS TO SETTLEMENT BY FINAL SETTLEMENT CLASS MEMBERS

7.1.     Any Final Settlement Class Member may make an objection to the proposed Settlement by mailing a letter to the Settlement Administrator at the address set forth in the Class Notice. Any objection to be considered valid must be mailed and postmarked no later than the Objection Date, i.e., forty-five (45) days from the Class Notice Date. Any Class Member who has submitted a Request for Exclusion may not submit any objections or speak at the Final Approval Hearing.

7.2.     To state a valid objection to the Settlement, an objecting Final Settlement Class Member must mail a signed letter to the Settlement Administrator setting forth all of the following information in writing: (a) the objector's full name, current address, current telephone number; (b) the case name and case number—*Tehan v. MTC Holsters, LLC, d/b/a Crossbreed Holsters,* No. 6:23-cv-03129 (United States District Court, Western District of Missouri); (c) documentation sufficient to establish membership in the Class, such as a copy of the Postcard Notice he or she received; (d) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position; (e) copies of any other documents that the objector wishes to submit in support of his/her position; (f) whether the objecting Final Settlement Class Member intends to appear at the Final Approval Hearing; and (g) whether the objecting Final Settlement Class

Member is represented by counsel and, if so, the name, address, and telephone number of his/her counsel.

7.3.    Subject to approval of the Court, any objecting Final Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court. By this provision, the Parties are not waiving and are expressly preserving their right to contest any appearance by an objector on any grounds, or from asserting any and all other potential defenses and privileges to any such appearance.

7.4.    The agreed-upon procedures and requirements for submitting objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Final Settlement Class Member's objection to the Settlement Agreement, in accordance with the due process rights of all Final Settlement Class Members. The Preliminary Approval Order and Class Notice will require all Final Settlement Class Members who have any objections to submit the objections to the Settlement Administrator at the address set forth in the Class Notice, by no later than the Objection Date.

7.5.    Class Counsel will defend the Court's Final Approval Order and any related orders in the event of an appeal.

## 8.  RELEASE OF CLAIMS

8.1.    Upon the Effective Date, each Final Settlement Class Member, including Plaintiff, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims, including Unknown Claims.  Further, upon the Effective Date, and to the fullest extent permitted by law, each Final Settlement Class Member, including Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any other capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any action or recovery in any action in this or any other forum (other than participation in the Settlement as provided herein) in which any of the Released Claims are asserted against any one or more of the Released Parties.

8.2.    Upon the Effective Date, Crossbreed shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, relinquished, and discharged Plaintiff, each and all of the Final Settlement Class Members, and Proposed Class Counsel of all claims based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims, except for enforcement of the Settlement Agreement and except as to Class Members who submit a timely and valid Request for Exclusion from the Settlement. Notwithstanding the above, any other claims or defenses Crossbreed may have against Plaintiff, the Final Settlement Class Members, and Proposed Class Counsel including, without limitation, any claims based upon any retail, banking, debtor-creditor, contractual, or other business relationship with such Persons not based upon the institution, prosecution, settlement, or resolution of the Litigation or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

8.3.    Notwithstanding any term herein, neither Crossbreed nor its Related Entities shall have or shall be deemed to have released, relinquished or discharged any claim or defense against

any Person other than Plaintiff, each and all of the Final Settlement Class Members, and Proposed Class Counsel.

8.4.    This Settlement Agreement does not affect the rights of Class Members who submit a timely and valid Request for Exclusion from the Settlement Class.

8.5.    Upon issuance of the Final Approval Order, (a) the Settlement Agreement shall be the exclusive remedy for any and all Class Members, except those who have opted out in accordance with the provisions hereof; (b) Defendant and Released Parties shall not be subject to liability or expense of any kind to any Final Settlement Class Member(s) for reasons related to the Action except as set forth herein; and (c) Final Settlement Class Members shall be permanently barred from initiating, asserting or prosecuting any and all Released Claims against Defendant and Released Parties.

## 9.    REPRESENTATIONS, WARRANTIES, AND COVENANTS

9.1.    Proposed Class Counsel represents and warrants that they have the authority, on behalf of the Plaintiff, to execute, deliver and perform this Settlement Agreement and to consummate all of the transactions contemplated hereby. This Settlement Agreement has been duly and validly executed and delivered by Proposed Class Counsel and Plaintiff and constitutes their legal, valid and binding obligation.

9.2.    Crossbreed, through its undersigned attorneys, represents and warrants that it has the authority to execute, deliver, and perform this Settlement Agreement and to consummate the transactions contemplated hereby. The execution, delivery and performance by Crossbreed of this Settlement Agreement and the consummation by it of the actions contemplated hereby have been duly authorized by Crossbreed. This Settlement Agreement has been duly and validly executed and delivered by Crossbreed and constitutes its legal, valid and binding obligation.

## 10.  MISCELLANEOUS PROVISIONS

10.1.    This Settlement Agreement is not to be used in evidence (except in connection with obtaining approval of this Settlement Agreement and enforcing its terms) and shall not at any time be construed or deemed to be any admission or concession by Crossbreed with respect to any alleged wrongdoing, fault, or omission of any kind whatsoever, regardless of whether or not this Settlement Agreement results in entry of a Final Approval Order as contemplated herein. Crossbreed specifically denies all of the allegations made in connection with the Action. Neither this Settlement Agreement nor any class certification pursuant to it shall constitute, in this or in any other proceeding, an admission by Crossbreed, or evidence or a finding of any kind, that any requirement for class certification is satisfied with respect to the Action, or any other litigation, except for the limited purpose of settlement pursuant to this Settlement Agreement. This Settlement Agreement also is made with the Parties' express understanding and agreement that if for any reason this Settlement is not approved by the Court, Crossbreed may continue to contest and deny that any class, including the proposed Settlement Class, is suitable for certification as a class under the law of any jurisdiction.

10.2.    This Settlement Agreement is entered into only for purposes of Settlement. In the event that the Final Approval Order is not entered, or a Final Approval Order is subsequently reversed on appeal, the Parties agree to use their best efforts to cure any defect(s) identified by the Court. If, despite their best efforts, the Parties cannot cure said defects, this Settlement Agreement, including any releases or dismissals hereunder, is canceled, and no term or condition of this Settlement Agreement, or any draft thereof, or of the discussion, negotiation, documentation or other part or aspect of the Parties' settlement discussions, shall have any effect, nor shall any such matter be admissible in evidence for any purpose, or used for any purposes whatsoever in the Action, and all Parties shall be restored to their prior rights and positions as if the Settlement Agreement had not been entered into.

10.3.    The headings of the sections and paragraphs of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its construction.

10.4.    Capitalized words, terms and phrases are used as defined in Section II, above.

10.5.    This Settlement Agreement may not be modified or amended except in writing and signed by all of the Parties.

10.6.    This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

10.7.    Except as otherwise provided in this Settlement Agreement, each Party shall bear his, her or its own costs of the Action.

10.8.    The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement, as well as to correct any inadvertent, non-substantive mistakes or typographical errors contained in any of the Settlement papers.

10.9.    The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, the release. The Final Approval Order will provide that the Court expressly retains jurisdiction to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of this Settlement Agreement, including, but not limited to, orders enjoining Final Settlement Class Members from prosecuting claims that are released pursuant to this Settlement Agreement as provided herein, and allowing for discovery related to objectors, if any.

10.10. The determination of the terms of, and the drafting of, this Settlement Agreement have been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel. Since this Settlement Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. The Parties were represented by competent and effective counsel throughout the course of Settlement negotiations and in the drafting and execution of this

Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Settlement Agreement.

10.11.   This Settlement Agreement constitutes the entire, fully integrated agreement among the Parties and cancels and supersedes all prior written and unwritten agreements and understandings pertaining to the Settlement of the Action.

10.12.   The Parties agree that any unresolved disputes regarding the meaning of the terms and conditions of this Settlement Agreement, the Parties' rights and obligations under this Settlement Agreement, and/or as to any disagreement regarding the manner in which any issue or dispute arising under this Settlement Agreement should be resolved, shall be submitted to the Court for resolution.

10.13.   All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Agreement or by order of the Court, the day of the act, or default, from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, in which event the period shall run until the end of the next day that is not one of the aforementioned days. Each of the Parties reserves the right, subject to the Court's approval, to seek any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement, and to modify or supplement any notice contemplated hereunder.

10.14.   This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

10.15.   Any failure by any of the Parties to insist upon the strict performance by any of the other Parties of any of the provisions of this Agreement shall not be deemed a waiver of any provision of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions herein.

10.16.   This Settlement Agreement contains the entire understanding between Crossbreed and Plaintiff individually and on behalf of the Final Settlement Class Members regarding the Litigation settlement and this Agreement, and this Agreement supersedes all previous negotiations, agreements, commitments, understandings, and writings between Crossbreed and Representative Plaintiff, including between counsel for Crossbreed and Class Counsel, in connection with the Litigation settlement and this Agreement.

10.17.   Proposed Class Counsel, on behalf of the Final Settlement Class, is expressly authorized by Plaintiff to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

10.18.   Each counsel or other Person executing the Settlement Agreement on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

10.19.  The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

10.20.  The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

10.21.  All notices to the Parties or counsel required by this Settlement Agreement shall be made in writing and communicated by electronic and regular mail to the following addresses (unless one of the Parties subsequently designates one or more other designees):

<u>For Class Counsel</u>:

Laura Grace Van Note, Esq.
Cole & Van Note
555 12th St., Suite 2100
Oakland, CA 94607
Email: lvn@colevannote.com
Telephone: (510) 891-9800

<u>For Crossbreed</u>:

Kathryn Honecker, Esq.
Lewis Brisbois Bisgaard & Smith LLP
2929 North Central Avenue, Suite 1700
Phoenix, AZ 85012
Email: Kathryn.Honecker@lewisbrisbois.com
Telephone: (602) 385-7864

[INTENTIONALLY LEFT BLANK]

[SIGNATURES ON FOLLOWING PAGE]

IN WITNESS WHEREOF, Plaintiff and Crossbreed hereto execute this Settlement Agreement as established by their signatures below.

Dated: 10/3/2024

*Louis Tehan*
ID 4Dyp82iKCoVY9w4C2BhZ58PK

Louis Tehan
Representative Plaintiff


Dated: 09/25/2024

Print: Craig Huff
As the Duly Authorized Corporate
Representative of Defendant Crossbreed


APPROVED AS TO FORM:


Dated: 10/3/2024

*Laura Van Note*
ID UTDqDdk5jnTGBm7HyqqZt1v9

Laura Van Note, Esq.
Cole & Van Note
*Attorneys for Representative Plaintiff and Plaintiff Classes*


Dated: 09/25/2024

Kathryn Honecker
Lewis Brisbois Bisgaard & Smith LLP
*Attorneys for Defendant Crossbreed*

EXHIBIT A

<u>ONLINE CLAIM FORM</u>

*Louis Tehan. v. MTC Holsters, LLC, d/b/a Crossbreed Holsters,* Case No.
6:23-cv-03129-SRB (W.D. Mo.)

**Important**: Your Claim Form must be submitted online or through mail service by **==[45 DAYS AFTER NOTICE DATE, <span style="color:red">Month Day Year</span>]==** in order to be timely and valid. You may submit a Claim Form by completing the form below.

Your failure to submit a timely Claim Form will result in you forfeiting any payment and benefits for which you may be eligible under the Settlement.

**To begin your Claim Form, please enter your Claimant ID below.** Your Claimant ID is located on the front of the Notice that was emailed or mailed to you. If you did not receive a Notice but believe you are a Class Member, or have misplaced your notice, you may email ==[ADMINISTRATORS CASE EMAIL]== to get information regarding your claim.

Claimant ID: _____

(*required, must be a valid number*)

OREmail Address: _____, AND Name: _____

(*required if Claimant ID unavailable*)

**<u>Claim Form Page</u>:**

This claim form should be filled out online or sent through mail service if you are an individual who received notice of a Data Security Incident that *MTC Holsters, LLC, d/b/a Crossbreed Holsters* discovered on December 5, 2022. You may get money if you fill out this claim form, if the Settlement is approved, and if you are found to be eligible for a payment.

The <u>Settlement Notice</u> [**link to document on website**] describes your legal rights and options.

If you wish to submit a claim for a Settlement payment, you need to provide the information requested below.

TO RECEIVE ANY BENEFITS FROM THIS SETTLEMENT, YOU MUST PROVIDE ALL OF THE REQUIRED INFORMATION BELOW AND YOU MUST ELECTRONICALLY SIGN THIS CLAIM FORM IF SUBMITTING ONLINE OR PHYSICALLY SIGN THIS CLAIM FORM IF SUBMITTING THROUGH MAIL SERVICE.

First Name_____(*required*) Middle Name_____(*not required*) Last Name_____(*required*)

Mailing Address_____(*required*) City_____(*required*) State_____(*required*) Zip Code_____(*required*) Country_____(*required, default to United States*)

Telephone Number_____(==*not required*==*, must be minimum of 10 digits*)

Email Address_____(*not required*, *must be valid email address format*)

PLEASE SELECT EITHER AN ALTERNATIVE CASH PAYMENT CLAIM IF YOU HAVE NO DOCUMENTION, OR A CLAIM FOR REIMBURSED OUT-OF-POCKET EXPENSES IF YOU HAVE DOCUMENTATION:

☐ ORDINARY OUT-OF-POCKET LOSSES ($500 limit.)

  ☐ ATTESTED TIME (Only available if you file an ordinary out-of-pocket losses claim. 3 hours at $35 per hour limit and contributes towards the $500 ordinary out-of-pocket losses limit.)

☐ EXTRAORDINARY OUT-OF-POCKET LOSSES ($2,500 limit.)

☐ ALTERNATIVE CASH PAYMENT (Paid as *pro rata* share to all class members who elect for alternative payment. The payments will be made from what is left in the settlement fund after the above payments, administration costs, and the full cost of notice have been paid.)

IF YOU WOULD LIKE TO BE REIMBURSED FOR OUT-OF-POCKET LOSSES, NOT INCLUDING ATTESTED TIME, ASSOCIATED WITH THE DATA BREACH, PLEASE FILL OUT THE FOLLOWING ENTRIES, ATTACH DOCUMENTATION, AND ATTATCH AN ATTESTATION THAT YOU BELIEVE THAT THE LOSSES CLAIMED WERE INCURRED AS A RESLUT OF THE DATA INCIDENT. COSTS LISTED IN THIS SECTION WITHOUT DOCUMENTATION AND AN ATTESTATION WILL **NOT** BE REIMBURSED.

| Dollar Amount Spent | Descriptor (Attach Additional Pages if Necessary) |
|---|---|
| | |
| | |
| | |

IF YOU FILED AN ORDINARY OUT-OF-POCKET LOSSES CLAIM AND WOULD LIKE TO ADD ATTESTED TIME TO YOUR CLAIM, PLEASE FILL OUT THE FOLLOWING ENTRIES AND ATTACH AN ATTESTATION THAT THE ATTESTED TIME IS REAL.

| Time Spent | Description of Activity (Attach Additional Pages if Necessary) |
|---|---|
| | |
| | |
| | |

Signature_____(*required*)

Date: (*auto-populate*)

# EXHIBIT B

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**If Crossbreed Holsters Notified You of a Data Security Incident, You May be Eligible for a Cash Payment from a Class Action Settlement, But You Need to Act.**

**Your Claimant ID:** [Insert claimant ID]

*This is not spam, an advertisement, or a lawyer solicitation. A court authorized this Notice.*

- This is a court-authorized Notice of a proposed settlement in a class action lawsuit, *Louis Tehan. v. MTC Holsters, LLC, d/b/a Crossbreed Holsters*, Case No. 6:23-cv-03129-SRB, currently pending in the District Court for the Western District of Missouri ("Lawsuit").

- The Lawsuit alleges that MTC Holsters, LLC, d/b/a Crossbreed Holsters ("Crossbreed") was negligent and breached contractual and statutory duties in connection with a data security incident discovered on December 5, 2022. Crossbreed contests these claims and denies that it did anything wrong.

- All Settlement Class Members can receive the following benefits from the Settlement: (1) reimbursement for up to $500 for documented out-of-pocket expenses and fees for credit reports, credit monitoring, or other identity theft insurance products; (2) reimbursement for up to three (3) hours of lost time spent remedying issues related to the Data Incident (reimbursed at a rate of $35 per hour); and (3) reimbursement for documented extraordinary losses, not to exceed $2,500 per Settlement Class Member, for proven actual monetary losses.

- Crossbreed has also implemented enhanced data security measures to further protect Plaintiff's and Class Members' personally identifying information ("PII").

- You are included in this Settlement as a Settlement Class Member if you were sent a notice of the data security incident.

- Your legal rights are affected regardless of whether you do or do not act. Read this Notice carefully. This Notice explains the nature of the lawsuit, the terms of the proposed class settlement, and your legal rights and obligations.

- You have legal rights and options that you may act on before the Court decides whether to approve the proposed settlement. Because your rights will be affected by this settlement, it is extremely important that you read this Notice carefully. To read the precise terms and conditions of the settlement, you can access a copy of the Settlement Agreement here [**link to document on website**]. You may also contact the Settlement Administrator via email at [ADMINISTRATOR EMAIL].

| Summary of Your Legal Rights and Options in This Settlement | | Deadline |
|---|---|---|
| **Submit a Claim** | The only way to be eligible to receive a Claimant Award from this Settlement is by submitting a timely and valid Claim Form. The Claim Form must be submitted no later than [45 DAYS AFTER NOTICE DATE, Month Day Year]. | [45 DAYS AFTER NOTICE DATE, Month Day Year] |
| **Opt Out of the Settlement** | You can choose to opt out of the Settlement and receive no payment. This option allows you to sue, continue to sue, or be part of another lawsuit against the Defendant related to the | [45 DAYS AFTER NOTICE |

145349107.6

| | | |
|---|---|---|
| | legal claims resolved by this Settlement. You can elect your own legal counsel at your own expense. | **DATE, Month Day Year]** |
| **Object to the Settlement and/or Attend a Hearing** | If you do not opt out of the Settlement, you may object to it by writing to the Court about why you don't like the Settlement. You may also ask the Court for permission to speak about your objection at the Final Approval Hearing. If you object, you may also file a claim for a Claimant Award. | **[45 DAYS AFTER NOTICE DATE, Month Day Year]** |
| **Do Nothing** | Unless you opt out of the settlement, you are automatically part of the Settlement. If you do nothing, you will not get a payment from this Settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. | No Deadline |

**What Is This Lawsuit About?**

Plaintiff filed the Lawsuit against Defendant, individually, and on behalf of anyone whose personally identifiable information ("PII") was potentially impacted as a result of the Data Incident.

This Lawsuit arises out of alleged unauthorized access to Crossbreed's data systems, that occurred in or about December 5, 2022 (the "Data Incident"), and allegations concerning certain data potentially accessed during the Data Incident that may have contained PII of Settlement Class Members. After learning of the Data Incident, Defendant mailed notification to persons whose PII may have been impacted by the Data Incident. Subsequently, this Lawsuit was filed asserting claims against Defendant relating to the Data Incident.

Crossbreed denies any wrongdoing, liability, or that damages resulted from the Data Incident.

This is just a summary of the allegations. The lawsuit's complaint, which contains all of the allegations, is posted at **[CASE WEBSITE URL]**..

**Why Is There A Settlement?** To resolve this matter without the expense, disruption, and uncertainties of further litigation, the parties reached a settlement. The Class Representative, Defendant, and their attorneys believe the proposed Settlement is fair, reasonable, and adequate, and thus, in Settlement Class Members' best interest. The Court has not decided in favor of the Plaintiff or Defendant. Full details about the proposed Settlement are found in the Settlement Agreement available at [**INSERT**].

**Am I a Settlement Class Member?** You are a Settlement Class Member if you are a resident of the United States and were sent a notice of the Data Incident. The notice informed individuals that they may have been impacted by the Data Incident..

If you are not sure whether you are included as a Settlement Class Member, or have any other questions about the Settlement, visit [INSERT], call toll free [INSERT], or write to [INSERT].

**What is a Class Action?** In a class action, one or more people appointed by the Court as a "Class Representative" sue on behalf of all people who the Class Representative believes have similar claims. All of these people together, for purposes of a settlement, are the "Settlement Class" or "Settlement Class Members."

**Who Represents Me?** The Court has appointed the following lawyer as Class Counsel.

> Laura Grace Van Note
> COLE & VAN NOTE
> 555 12th Street, Suite 2100
> Oakland, California 94607

Class Counsel will petition to be paid legal fees and reimbursed for their reasonable expenses from the Settlement Fund. You do not need to hire your own lawyer, but you may choose to do so at your own expense.

**What Are the Settlement Benefits?** In the proposed Settlement, Crossbreed has agreed to establish a settlement fund, by depositing with the Settlement Administrator US $195,000 in cash to be used to provide the following benefits to Class Members:

**Expense Reimbursement**

**Documented Ordinary Loss Expense Reimbursement:** All Settlement Class Members who submit a valid claim using the Claim Form are eligible for the following documented ordinary loss expense reimbursement, not to exceed $500 per Settlement Class Member: documented out-of-pocket expenses that were incurred as a result of the Data Incident, including but not limited to: (i) unreimbursed bank fees; (ii) long distance phone charges; (iii) cell phone charges (only if charged by the minute); (iv) data charges (only if charged based on the amount of data used); (v) postage; (vi) gasoline for local travel; and (viii) fees for credit reports, or other identity theft protection services and plans purchased between December 5, 2022, and the Claims Deadline, as a result of the Data Incident. To receive reimbursement for any of the above-referenced documented ordinary loss expenses, Settlement Class Members must submit a valid and timely Claim Form, including necessary supporting documentation, to the Claims Administrator.

**Lost Time Reimbursement:** Settlement Class Members are also eligible to receive reimbursement for up to three (3) hours of lost time spent dealing with the Data Incident (calculated at the rate of $35 per hour). Settlement Class Members may receive reimbursement for lost time if the Settlement Class Member includes a brief description of activities engaged in responding to the incident and the time spent on each such activity, and attests that any claimed lost time was spent responding to issues raised by the Data Incident. Claims made for lost time can be combined with reimbursement for the above referenced out-of-pocket expenses with the combined reimbursement subject to the $500 cap for ordinary out-of-pocket expenses.

**Documented Extraordinary Loss Reimbursement:** Settlement Class Members are also eligible to receive reimbursement for documented extraordinary losses, not to exceed $2,500 per Settlement Class Member, for documented monetary loss that: (i) is actual, documented, and unreimbursed; (ii) was more likely than not caused by the Data Incident; (iii) occurred between December 5, 2022, and the Claims Deadline, as a result of the Data Incident; and (iv) is not already covered by one or more of the above-referenced reimbursed expenses for ordinary losses and the Settlement Class Member made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion, if applicable, of the Settlement Class Member's credit monitoring insurance and identity theft insurance.

**Remedial Relief:** Defendant has enhanced and will also continue to provide security for Plaintiff's and Class Members' PII. Defendant agrees to pay for such remedial costs separate and apart from other settlement benefits.

PLEASE NOTE THAT TO RECEIVE PAYMENT FOR DOCUMENTED ORDINARY OR EXTRAORDINARY LOSSES, YOU MUST SUBMIT THE REQUIRED SUPPORTING DOCUMENTATION. FAILURE TO PROVIDE DOCUMENTATION WILL RESULT IN A DENIAL OF ANY CLAIM FOR DOCUMENTED ORDINARY OR EXTRAORDINARY LOSSES.

The Settlement Fund also will be used to pay attorneys' fees and costs, settlement taxes, service payments for the Class Representative, and cost of notice and settlement administration costs.

A Settlement Class member who timely submits a valid and approved Claim Form shall be entitled to a Claimant Award through the following process:

After payment of the cost of notice and settlement administration, the money remaining from the Settlement Fund will be distributed first to reimburse Settlement Class Members with documented out-of-pocket losses and attested time, then will be used to pay a service award to the class representative plaintiff awarded by the court, then will be used to pay plaintiff's counsel's fees and expenses awarded by the court, and subsequently the money left over will be distributed *pro rata* among all Settlement Class members who timely submitted a valid and approved alternative cash payment Claim.

If the Settlement Fund is insufficient to fully pay above distributions, no Alternative Cash Payments will be made and all remaining distributions will be decreased on a *pro rata* basis to consume the amount of the Settlement Fund remaining after payment of the full cost of notice and settlement administration is deducted.

The total amount of uncashed settlement share checks will be donated to an appropriate charity.

**How Do I Get a Payment?** You must submit a completed Claim Form no later than **[45 DAYS AFTER NOTICE DATE, Month Day Year]**. You may submit a Claim Form online at **[WEBSITE LINK]** or through mail service delivered to **[ADMINSTRATORS MAIL ADDRESS]**.

**How Do I Exclude Myself from the Settlement?** If you do not want to be included in the Settlement, the Court will exclude you from the Settlement if you timely mail to the Settlement

145349107.6

Administrator a written request for exclusion, signed by you or a person authorized by law, such as a trustee, guardian, or person with a power of attorney to act on your behalf, that clearly manifests your intent to be excluded from the Settlement Class . To be timely mailed, your request for exclusion must be postmarked on or before **[45 DAYS AFTER NOTICE DATE, Month Day Year OR a date provided by the Court during preliminary approval stage]**. To be effective, your exclusion request must:

- Be in writing;
- State your full name and current address;
- Specifically state your desire to be excluded from the Settlement and the Class;
- Be signed by you; and
- Be mailed to the Settlement Administrator at the following address, [ADMINISTRATOR MAIL ADDRESS], postmarked on or before **[45 DAYS AFTER NOTICE DATE, Month Day Year]**.

If you exclude yourself from the Settlement Class, sometimes referred to as "opting out," you will not be eligible to recover any cash benefit as a result of this Settlement, you cannot object to the Settlement at the Final Fairness Hearing, and you will not have any rights under the Settlement Agreement. However, you would keep the right to sue Crossbreed at your own expense regarding the legal issues raised in this lawsuit.

**If I Do Not Exclude Myself, Can I Sue Later?** No. If you do not exclude yourself from the Settlement, and the Settlement is approved by the Court, you forever give up the right to sue the Released Parties for the Released Claims.

**How Do I Object to the Settlement?** You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no Settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.
If you are a member of the Settlement Class and you do not exclude yourself from the Settlement, you can object to the Settlement. To do so, you must mail a signed letter postmarked no later than **[45 DAYS AFTER NOTICE DATE, Month Day Year]** to the Settlement Administrator setting forth the following:

(a) Your full name, current address, current telephone number; (b) the case name and case number—*Tehan v. MTC Holsters, LLC, d/b/a Crossbreed Holsters,* No. 6:23-cv-03129 (United States District Court, Western District of Missouri); (c) documentation sufficient to establish membership in the Class, such as a copy of the Postcard Notice you received; (d) a statement of the position(s) you wish to assert, including the factual and legal grounds for the position; (e) copies of any other documents that you wish to submit in support of your position; (f) whether you intend to appear at the Final Approval Hearing; and (g) whether you are represented by counsel and, if so, the name, address, and telephone number of your counsel. If your objection is submitted and overruled by the Court at the Final Approval hearing, you will remain fully bound by the terms of the Settlement Agreement and the Final Approval Order.

Mailing addresses for the Settlement Administrator is as follows:

**[MAILING ADDRESS FOR SETTLEMENT ADMINISTRATOR]**

**What Is the Difference Between Objecting and Asking to be Excluded?**

Objecting means telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object to the Settlement because it no longer affects you.

**What Am I Agreeing to by Remaining in the Settlement Class?**

Unless you exclude yourself, you will be part of the Settlement Class and you will be eligible to receive benefits but you will be bound by the release of claims in the Settlement. This means that if the Settlement is approved, you cannot sue, continue to sue, or be part of any lawsuit against Crossbreed or the other Released Parties asserting a "Released Claim," as defined below. It also means that the Court's Order approving the settlement and the judgment in this case will apply to you and legally bind you.

The Settlement Agreement, which includes all provisions about the Released Claims, releases, and Released Parties, is available at [INSERT WEBSITE].

**What Happens If I Do Nothing At All?** If you do nothing, you will be bound by the Settlement if the Court approves it, you will not get any money from the Settlement, you will not be able to start or proceed with a lawsuit or be part of any other lawsuit against the Released Parties about the Released Claims at any time.

**When Will the Court Decide Whether to Approve the Settlement?** The Court will hold a Final Approval Hearing on [DAY MONTH YEAR] at [TIME A.M./P.M.] in courtroom [COURT ROOM NUMBER AND ADDRESS]. At that hearing, the Court will determine the overall fairness of the settlement, hear objections, and decide whether to approve the requested attorneys' fees and expenses, Service Payments for the Class Representatives, and settlement administration costs. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check [SETTLEMENT WEBSITE] and the Court's docket for updates.

**Do I Have to Come to the Hearing?** No. You are not required to come to the Final Fairness Hearing. However, you are welcome to attend the hearing at your own expense.

If you submit an Objection, you do not have to come to the hearing to talk about it. If your objection was submitted properly and on time, the Court will consider it. You also may have your own lawyer, at your expense, attend the Final Fairness Hearing, but that is not necessary. However, you must follow the requirements for making objections, including the requirements for making an appearance at the hearing.

**May I Speak at the Hearing?** Yes. You can speak at the Final Fairness Hearing. The proper way to obtain permission to speak is to file an objection according to the instructions above. If you do not file an objection, you can still ask to be heard by the Court at the Final Fairness Hearing. The Court may or may not agree to hear you.

**How Do I Get More Information?** This is only a summary of the proposed Settlement. For more information, go to [SETTLEMENT WEBSITE]. You may also write to the Settlement Administrator via mail to [MAILING ADDRESS FOR SETTLEMENT ADMINISTRATOR], or via email [SETTLLEMENT ADMINSITRATOR EMAIL].

**PLEASE DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR LITIGATION TO THE CLERK OF THE COURT, THE JUDGE, DEFENDANT, OR DEFENDANT'S COUNSEL. QUESTIONS SHOULD BE DIRECTED TO THE CLAIMS ADMINISTRATOR OR CLASS COUNSEL**