UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| LOUIS TEHAN, on behalf of himself and all others similarly situated, | Case No. 6:23-cv-03129-SRB |
| Plaintiff, | **CLASS ACTION** |
| v. | |
| MTC HOLSTERS, LLC, d/b/a CROSSBREED HOLSTERS, | |
| Defendant. | |

**DECLARATION OF LAURA VAN NOTE IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL AND TO DIRECT NOTICE OF PROPOSED SETTLEMENT TO THE CLASS**

I, Laura Van Note, do hereby declare as follows:

1. I am an attorney-at-law, licensed to practice in all jurisdictions of this State, and I am a Shareholder at the law firm of Cole & Van Note ("CVN"), attorneys for Representative Plaintiff Louis Tehan ("Plaintiff") and the Proposed Class.

2. I make these statements based on personal knowledge, would so testify if called as a witness at trial and have personal knowledge of the foregoing. I make this Declaration in Support of Representative Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement. The Settlement Agreement to be reviewed for preliminary approval is filed concurrently with the Motion for Preliminary Approval.

3. On or about December 5, 2022, Defendant MTC Holsters, LLC d/b/a Crossbreed Holsters ("Crossbreed" or "Defendant") discovered unauthorized activity on its internal computer systems.

1

4. On or about January 17, 2023, Defendant began sending Notice to affected individuals. This Notice stated, in part, that "irregular activity" was discovered on Crossbreed's network that began on December 5, 2022. The Notice further stated that the unauthorized actor compromised Plaintiff's and Class Members' names, email addresses, phone numbers and prepaid card information such as card numbers, expiration dates and CVV codes.

5. Plaintiff filed the Complaint on March 27, 2023, alleging (i) Negligence, (ii) Breach of Confidence, (iii) Breach of Implied Contract, (iv) Breach of the Implied Covenant of Good Faith and Fair Dealing and (v) Breach of the Fiduciary Duty of Confidentiality. Even prior to filing the Action, Proposed Class Counsel were armed with a detailed factual understanding of Defendant's operations and data breaches in general.

6. After the filing of the consolidated Action, Plaintiff and Defendant (collectively the "Parties"), in lieu of completing the briefing of a Motion to Dismiss, agreed to mediate the matter. The Parties then engaged in informal discovery efforts, including a voluntary exchange of confirmatory information to facilitate settlement discussions. The information made available to Proposed Class Counsel prior to the ultimate mediation was sufficient to place Proposed Class Counsel, each of whom are experienced class action litigators, in a position to explore settlement.

7. On January 17, 2024, the Parties mediated the matter before experienced neutral, Honorable Charles Atwell (Ret.), a mediator with substantial knowledge of class action procedure. At mediation, the Parties reached a Settlement Agreement. The Settlement Agreement attached to this Motion as **Exhibit A** provides the long form agreement that conforms to this initial settlement in principle. The Settlement Agreement provides substantial benefits to the Settlement Class, eliminates the costs and burdens of continued litigation and fully accomplishes Plaintiff's goals in this Action.

8. No trial date has been set and no class has been certified. The Settlement Class and the proposed Classes in the operative Complaint are the same (i.e., all individuals whose information was involved in the Data Breach).

## **SETTLEMENT PROCESS**

9. Proposed Class Counsel conducted a thorough investigation into the facts of this Action. The Parties engaged in extensive informal discovery and production of data for the putative Class Members to perform an analysis and valuation of all claims. Prior to mediation, the Parties exchanged information and documents to investigate the veracity, strength and scope of the claims, and to allow analysis and evaluation of the claims and Defendant's defenses thereto. Representative Plaintiff has vigorously prosecuted this case, and Defendant has vigorously contested it. I believe that the documents exchanged and analyzed in preparation for mediation, as well as the Parties' discussions during mediation and subsequent negotiations are sufficient for the Parties to make an informed decision about a fair resolution of this Action.

10. In final preparation for mediation, Proposed Class Counsel requested information tailored to developing a damages and penalties analysis for each of the primary claims identified in the Consolidated Amended Complaint. Though Defendant did not provide complete responses to our FRE 408 requests, Defendant provided the number of Class Members for each of the proposed Classes, which was sufficient to explore settlement.

11. On January 17, 2024, the Parties participated in a mediation before respected and experienced mediator Honorable Charles Atwell (Ret.). At mediation, the Parties exchanged information and documents, including a substantial amount of information requested in Plaintiff's prior informal discovery requests, and engaged in intensive discussions regarding their evaluations of the litigation and various aspects of the litigation, including the risks and delays of further

litigation, the risks to the Settling Parties of proceeding with class certification, the law relating to the allegations, the evidence produced and analyzed and the possibility of appeals, among other things. Due to the Parties' extensive experience in data breach and class action litigation, the Parties were able to determine the principle of the matter relatively quickly and spent the majority of the mediation discussing the nature of and size of the proposed Settlement Fund. The Parties were able to come to an agreement at mediation and ended the mediation session with a settlement in principle. No side agreements were made (i.e., the Settlement Agreement is the only agreement between the Parties).

12. The Parties diligently worked on a Notice Plan, Notices, Claim Forms and other exhibits alongside the long-form settlement agreement until filing this Motion for Preliminary Approval. Many redline drafts were exchanged.

13. The long-form Settlement Agreement was finalized and signed as of October 3, 2024. The requested Attorneys' Fees and Costs of up to $65,000 are only 33.33% of the total Settlement fund and will, almost certainly, represent a negative multiplier on Proposed Class Counsel's lodestar by the time of Final Approval, considering that Proposed Class Counsel have vigorously litigated this matter including briefing their opposition to Defendant's Motion to Dismiss and engaging in substantial arm's-length negotiations with Defendant both before and after mediation to bring about a successful resolution of this matter.

## FAIRNESS AND ADEQUACY OF THE PROPOSED SETTLEMENT

14. After thoroughly interviewing Representative Plaintiff, Proposed Class Counsel determined his claims were likely typical of the other Class Members and he would be adequate as a Representative Plaintiff. Throughout the litigation to date, Proposed Class Counsel's opinions in this regard have not wavered.

15. Proposed Class Counsel are not aware of any antagonism or conflict of interest between Representative Plaintiff and the putative Classes. In fact, Representative Plaintiff has been involved in this case and has been in routine contact with Proposed Class Counsel. Additionally, Representative Plaintiff assisted with the prosecution efforts that included frequent emails and telephone calls with counsel, production of documents and communications surrounding mediation and settlement.

16. The information Proposed Class Counsel acquired through their pre-filing investigation and knowledge of this industry enabled Proposed Class Counsel to properly and intelligently value these claims for purposes of settlement, assess the risks of continued litigation and otherwise determine what terms of settlement would be fair and reasonable. As a result, it is clear that the discovery process has been involved and thorough, placing Representative Plaintiff and Proposed Class Counsel in an excellent position to evaluate the merits and value of this lawsuit.

17. Proposed Class Counsel have many years of experience in class action litigation, privacy litigation, and data breach litigation and have a great deal of experience working together for the efficient prosecution of class action litigation. Proposed Class Counsel's firm biography and resume are attached to this Motion as **Exhibit B.**

18. If class certification was granted, there would still be the inherent risks of trial. Proof of Plaintiff's case at trial would require expert testimony to establish that Defendant failed to adequately safeguard Class Members' PII.

19. Finally, the Settlement obviates the risk that Plaintiff would succeed at trial only to have Defendant significantly delay payment of the judgement by appeal or even overturn the judgment on appeal. This is especially important in data breach cases because time is of the

essence. By requiring enhanced security now, the proposed Settlement will protect the Class Members' PII in ways that a later monetary judgment will not. There is no overall cap on the total amount Class Members can receive and no money will revert to Defendant in connection with the Settlement Agreement.

20. The Parties reached an agreement in principle on the material terms of the Settlement before negotiating on attorneys' fees and costs.

## THE PROPOSED CLASS REPRESENTATIVE

21. A Service Award for the named Plaintiff will be sought in the amount of $10,000. Representative Plaintiff's alleged claims are similar to those of the Class. Plaintiff stepped forward and was available as a proposed class representative, filed a lawsuit and worked with his attorneys as needed throughout the litigation. Representative Plaintiff was available for questions and to supply documents to Proposed Class Counsel and vigorously litigated this case. Representative Plaintiff expended time and resources in litigating this case. Representative Plaintiff's effort should be rewarded. Moreover, the Service Award was negotiated separate and apart from the other settlement terms and were only negotiated after the primary terms were finalized.

## THE PROPOSED SETTLEMENT ADMINISTRATOR

22. The Class Notice will be distributed by the Claims Administrator. The Parties ask the Court to appoint Atticus Administration LLC as the Claims Administrator. Atticus Administration LLC is an established and respected class action administrator. The fee to be paid to Atticus Administration LLC was negotiated separately and will not affect the Settlement Fund (since Defendant is paying it separately from the payment to the Class), making this element of the Settlement greatly beneficial to the Class. Even then, the Parties solicited bids from three established companies and ultimately selected Atticus Administration LLC, which estimates the

costs of notice and administration to be $19,000. In my experience, this is a reasonable amount in relation to the size of the Class and the value the Settlement provides to Class Members.

## EXPERIENCE, QUALIFICATION AND VIEWS ON SETTLEMENT

23. Proposed Class Counsel were involved in the proceedings on this case and are familiar with this litigation and the proposed Settlement. The combined decades of experience of Proposed Class Counsel informed the settlement negotiations. Proposed Class Counsel believe this Settlement is fair, reasonable, and adequate, and warrants approval. It is our opinion that, given the limited information accessed in the security incident, few if any Class Members would be able to prove damages over $500 at trial. Accordingly, Proposed Class Counsel believe that all or nearly all Class Members who make claims can receive full value or close to full value for their claims. Proposed Class Counsel are not aware of any other cases that will be affected by this Settlement.

24. The basis for Proposed Class Counsel's opinion is derived from research relating to the filing of the case and issues of the case, multiple discussions with counsel for Defendant relating to case management, informal exchanges of discoverable information and documents, settlement negotiations, reviewing and analyzing documents and contracts, participating in settlement negotiations including drafting of mediation statements and attending various meetings relating to mediation including the all-day mediation session, drafting of the settlement documents, multiple phone conferences relating to the resolution and the drafting of this Declaration in Support of Preliminary Approval.

## COMPARABLE CASES

25. The following chart identifies the per Class Member value based on the common Settlement fund amount for certain recent cases that also involved sensitive, private information:

| Case Name | Case Number | Settlement Amount | Class Size | Per Person |
|---|---|---|---|---|
| *Cochran v. Kroger Co.* | No. 5:21-cv-01887 (N.D. Cal.) | $5,000,000 | 3,825,200 | $1.31 |
| *Thomsen v. Morley Companies, Inc.* | No. 1:22-cv-10271 (E.D. Mich.) | $4,300,000 | 694,679 | $6.19 |
| *Reynolds v. Marymount Manhattan College* | No. 1:22-cv-06846 (S.D.N.Y.) | $1,300,000 | 191,752 | $6.78 |
| *Boykin v. Choice Health Insurance, LLC* | No. 4:22-cv-03940 (D.S.C.) | $500,000 | 68,177 | $7.33 |
| *Tucker v. Marietta Area Health Care* | No. 2:22-CV-00184 (S.D. Ohio) | $1,750,000 | 216,478 | $8.08 |
| *Migliaccio v. Parker Hannifin Corp.* | No. 1:22-CV-00835 (N.D. Ohio) | $1,750,000 | 115,359 | $15.17 |
| *Lutz v. Electromed, Inc.* | No. 21-cv-2198 (D. Minn.) | $825,000 | 47,000 | $17.55 |
| *McKittrick v. Allwell Behavioral Health Services* | No. CH 2022-0174 | $650,000 | 31,944 | 20.35 |
| *Abrams v. Savannah College of Art & Design* | No. 1:22-cv-04297 (N.D. Ga.) | $375,000 | 16,890 | $22.20 |
| *Phelps v. Toyotetsu North America* | No. 6:22-cv-00106 (E.D. Ky.) | $400,000 | 11,916 | $33.57 |

Class Counsel and Plaintiff believe that the Settlement in this case is fair and reasonable in that it exceeds the Settlement amount recovered per Class Member in several other recent data breach class action settlements.

I declare, under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 15th day of October 2024, at Oakland, California.

*/s/ Laura Grace Van Note*
Laura Van Note, Esq.