IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| LOUIS TEHAN, on behalf of himself and all others similarly situated, | ) ) **CLASS ACTION** |
| Plaintiff, | ) ) Case No. 23-cv-03129-SRB |
| v. | ) ) |
| MTC HOLSTERS, LLC, d/b/a CROSSBREED HOLSTERS, | ) ) ) |
| Defendant. | ) |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is Plaintiff's Unopposed Motion for Preliminary Approval and to Direct Notice of Proposed Settlement to the Class. (Doc. #46.) The Court, being duly advised of the premises, and with Defendant having no objection, hereby GRANTS the motion.

On October 3, 2024, the Parties entered into a Class Action Settlement Agreement and Release (the "Settlement" or "Settlement Agreement") of the above-captioned matter ("the Action") and filed a motion for preliminary approval of the Settlement Agreement, pursuant to Fed. R. Civ. P. 23(e), regarding certain matters in connection with a proposed settlement of the Action and dismissing the Action upon the terms and conditions set forth in the Settlement Agreement. The Settlement Agreement, together with its exhibits, is incorporated by reference. The capitalized terms used in this Preliminary Approval Order ("the Order") have the same meanings as set forth in the Settlement Agreement.

The Court, having carefully reviewed the Settlement Agreement (including all attached exhibits), reached by the Parties as a result of arm's-length negotiations under the supervision of a preeminent mediator, the Hon. Charles Atwell (ret.), and with the Court having reviewed all files, records, and prior proceedings to date in this matter, and for good cause shown, preliminarily approves the Parties' Settlement as follows.

1

**IT IS HEREBY ORDERED** the Settlement Agreement, including the exhibits attached thereto, are preliminarily approved as fair, reasonable, and adequate, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, pending a Final Approval Hearing on the Settlement as provided herein.

1. Stay of the Action.

Pending the Final Approval Hearing, all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are hereby stayed.

2. Directive to Issue Notice to Settlement Class.

Pursuant to Federal Rules of Civil Procedure Rule 23(e), the Court finds that it has sufficient information to enable it to determine whether to give notice of the proposed Settlement to the Settlement Class. The Court further finds that the proposed Settlement and Notice Plan meet the requirements of Rule 23(e) and that the Court will likely be able to certify the Settlement Class for purposes of judgment on the Settlement.

The Court finds that the Settlement Class Representative and Class Counsel have adequately represented the Settlement Class. The Court further finds that the Settlement was negotiated at arm's length by informed and experienced counsel, who were overseen by a retired Judge acting as mediator. The relief provided to the Settlement Classes under the Settlement is adequate. There would be substantial costs, risks and delay associated with proceeding to trial and potential appeal. The method proposed for distributing relief to the Settlement Class and processing claims, is adequate and effective. The proposed award of Attorneys' Fees and Expenses, including the timing of such payment, is reasonable, subject to the Court's review of a timely filed fee application.

For these reasons, the Court concludes and determines that it will likely be able to certify the proposed Settlement Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure, as it finds that:

(a) the Settlement Class and certified herein comprise millions of persons, and joinder of all such persons would be impracticable, (b) there are questions of law and fact that are common to the Settlement Class, and those common questions of law and fact predominate over any questions affecting any individual Settlement Class Member, (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class, they seek to represent for purposes of the Settlement, (d) a class action is superior to other available means of adjudicating this dispute, and (e) as set forth below, Settlement Class Representative and Class Counsel are adequate representatives of the Settlement Class.

3. <u>Class Definition</u>.

The Court hereby certifies, for settlement purposes only, a Settlement Class consisting of "all individuals residing in the United States to whom Defendant or its authorized representative sent notice of the Data Incident discovered on or about December 5, 2022, who received such notice by the date this Settlement Agreement was executed." Excluded from the Settlement Class are (a) the Judge presiding over the Lawsuit, any members of the Judges' staff, and immediate members of the Judge's family, (b) officers, directors, members and shareholders of Defendant, (c) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class, (d) the successors and assigns of any such excluded persons, and (e) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Data Breach or who pleads *nolo contendere* to any such charge.

4. <u>Settlement Class Representative</u>.

For purposes of the Settlement only, the Court finds and determines, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, that Plaintiff Louis Tehan ("Settlement Class Representative") will fairly and adequately represent the interests of the Settlement Class in enforcing his rights in the Action and appoints him as Settlement Class Representative. The Court preliminarily finds that Plaintiff is

3

Case 6:23-cv-03129-SRB    Document 51    Filed 11/04/24    Page 3 of 11

similarly situated to absent Settlement Class Members and is therefore typical of the Settlement Class, and that he will be an adequate Class Representative.

    5.    <u>Class Counsel</u>.

For purposes of the Settlement, the Court appoints Laura Van Note of Cole & Van Note as Class Counsel to act on behalf of the Settlement Class Representative and the Settlement Class with respect to the Settlement. The Court authorizes Class Counsel to enter into the Settlement on behalf of the Settlement Class Representative and the Settlement Class, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Settlement.

    6.    <u>Notice Provider and Settlement Administrator</u>.

The Court appoints Atticus Administration LLC as Settlement Administrator to administer the Notice Plan and the processing of claims. The Court directs that the Settlement Administrator effectuate the Settlement Agreement in coordination with Class Counsel, subject to the jurisdiction and oversight of this Court.

    7.    <u>CAFA Notice</u>.

Within ten (10) days after the filing of the Motion for Preliminary Approval, Crossbreed shall serve or cause to be served a notice of the proposed Settlement on appropriate state officials in accordance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

    8.    <u>Notice Plan</u>.

The Notice Plan submitted with the Motion for Preliminary Approval and the forms of notice attached thereto satisfy the requirements of Federal Rules of Civil Procedure Rule 23 and are thus approved. Non-material modifications to the notices may be made without further order of the Court. The Settlement Administrator is directed to carry out the Notice Plan in conformance with the Settlement Agreement and to perform all other tasks that the Settlement Agreement requires. Prior to the Final Approval Hearing, Class Counsel shall cause to be filed with the Court an appropriate

declaration with respect to complying with the provisions of the Notice Plan.

The Court further finds that the form, content, and method of giving notice to the Settlement Classes as described in the Notice Plan submitted with the Motion for Preliminary Approval: (a) constitute the best practicable notice to the Settlement Class, (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice, and (d) satisfy the requirements of Federal Rules of Civil Procedure Rule 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notices are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class Members.

9. <u>Class List</u>.

Within thirty (30) days after this Order, Crossbreed shall provide to the Settlement Administrator a Class List, which shall include Settlement Class Members' full names, current addresses, Crossbreed cell phone numbers, and email addresses (to the extent available) as reflected in Crossbreed's records.

10. <u>Deadline to Submit Claim Forms</u>.

As set forth in the Consumer Settlement Benefits Plan, Settlement Class Members will have until ninety (90) calendar days from the Notice Date to submit their claim forms ("Claims Deadline"), which is adequate and sufficient time.

11. <u>Exclusion from Settlement Class</u>.

Any person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class. Any such person who desires to request exclusion must submit written notice of such intent online through the claims portal or via United States mail to the designated Post Office box established by the Settlement Administrator. The written notice must (i) identify the

5

case name of the Action, (ii) identify the name and address of the individual seeking exclusion from the Settlement, (iii) be personally signed by the individual seeking exclusion, (iv) include a statement clearly indicating the individual's intent to be excluded from the Settlement, and (v) request exclusion only for that one individual whose personal signature appears on the request. Opt-out requests seeking exclusion on behalf of more than one individual shall be deemed invalid by the Settlement Administrator. To be effective, the written notice shall be postmarked no later than the Opt-Out Deadline or submitted online through the claims portal and verified no later than the Opt-Out Deadline in accordance with the Settlement. All those persons submitting valid and timely notices of exclusion shall not be entitled to receive any benefits of the Settlement.

Any Settlement Class Member who does not timely and validly exclude themselves from the Settlement shall be bound by the terms of the Settlement. If final judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this matter, including but not limited to the release set forth in the Settlement Agreement and incorporated in the Judgment.

12. <u>Final Approval Hearing</u>.

A hearing will be held by this Court in the Courtroom of The Honorable Stephen R. Bough, United States District Court for the Southern District of Missouri, United States Courthouse, Courtroom 7B, 222 N. John Q. Hammons Parkway, Springfield, Missouri, 65806, on March 11, 2025 at 9:30 a.m. (CST) ("Final Approval Hearing"), to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class, (b) whether a Final Approval Order and Judgment should be entered, (c) whether the Settlement benefits as proposed in the Settlement Agreement and Consumer Settlement Benefits Plan should be approved as fair, reasonable, and adequate, (d) whether to approve the application for a Service Award for the Settlement Class Representative and an award of Attorneys' Fees and Expenses, and (e) any other matters that may properly be brought before the Court

in connection with the Settlement. The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

      13.    <u>Objections and Appearances</u>.

Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If a Settlement Class Member does not enter an appearance, they will be represented by Class Counsel. Any Settlement Class Member who wishes to object to the Settlement, the Settlement benefits, Service Awards, and/or the Attorneys' Fees and Expenses, or to appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, why a Final Approval Order and Judgment should not be entered thereon, why the Settlement benefits should not be approved, or why the Service Awards and/or the Attorneys' Fees and Expenses should not be granted, may do so, but must proceed as set forth in this paragraph.

No Settlement Class Member will be heard on such matters unless they have filed in this Action the objection, together with any briefs, papers, statements, or other materials the Settlement Class Member wishes the Court to consider, within forty-five (45) calendar days following the Notice Date. Any objection must include: (a) the objector's full name, current address, current telephone number, (b) the case name and case number—*Tehan v. MTC Holsters, LLC, d/b/a Crossbreed Holsters,* No. 6:23-cv-03129 (United States District Court, Western District of Missouri), (c) documentation sufficient to establish membership in the Class, such as a copy of the Postcard Notice he or she received, (d) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position, (e) copies of any other documents that the objector wishes to submit in support of his/her position, (f) whether the objecting Final Settlement Class Member intends to appear at the Final Approval Hearing, and (g) whether the objecting Final Settlement Class Member is represented by counsel and, if so, the name, address, and telephone number of his/her counsel.

In addition to the foregoing requirements, if an objecting Settlement Class Member intends to speak at the Final Approval Hearing (whether *pro se* or through an attorney), the written objection must include a detailed description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing. Any Settlement Class Member who fails to object to the Settlement in the manner described in the Settlement Agreement and in the notice provided pursuant to the Notice Plan shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or any other means. With leave of Court for good cause shown, the Parties may take discovery of an objector or an objector's counsel.

14. <u>Claimants</u>.

Settlement Class Members who submit within ninety (90) days of the Notice Date a valid claim form approved by the Settlement Administrator may qualify to receive Settlement benefits. Any such Settlement Class Member who does not submit a timely claim form in accordance with this Order shall not be entitled to receive such benefits but shall nevertheless be bound by any final judgment entered by the Court. Class Counsel shall have the discretion, but not the obligation, to accept late-submitted claims for processing by the Settlement Administrator, so long as processing does not materially delay distribution of compensation to Settlement Class Members. No person shall have any claim against Class Counsel or the Settlement Administrator by reason of the decision to exercise discretion whether to accept late-submitted claims.

15. <u>Stay and Injunction</u>.

The Court hereby stays and enjoins pending Final Approval of the Settlement all actions and other proceedings brought by Settlement Class Members concerning any Released Claims, except that

individuals who validly and timely opt out of the Settlement shall not be subject to any stay or injunction.

    16.    <u>Final Approval Briefing</u>.

All opening briefs and supporting documents in support of a request for Final Approval of the Settlement and Settlement, including all briefing and supporting documents in support of an application for Attorneys' Fees and Costs and Service Award, must be filed no later than twenty-one (21) days prior to the Final Approval Hearing Date. The parties shall also email the Court's Courtroom Deputy a proposed order in Word format prior to the Final Approval Hearing Date.

    17.    <u>Reasonable Procedures</u>.

Class Counsel and Crossbreed's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the notices and other exhibits that they jointly agree are reasonable or necessary to further the purpose of effectuating the Parties' Settlement Agreement.

    18.    <u>Extension of Deadlines</u>.

Upon application of the Parties and good cause shown, the deadlines set forth in this Order may be extended by order of the Court, without further notice to the Settlement Classes. Settlement Class Members must check the Settlement website regularly for updates and further details regarding extensions of these deadlines. The Court reserves the right to adjourn or continue the Final Approval Hearing, and/or to extend the deadlines set forth in this Order, without further notice of any kind to the Settlement Classes.

    19.    <u>Termination of the Settlement and Use of this Order</u>.

This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered

this Order, if the Effective Date does not occur or the Settlement is otherwise terminated in accordance with the terms of the Settlement. In such an event, the Settlement shall become null and void and shall be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever. For the avoidance of doubt, if the Effective Date does not occur or the Settlement is otherwise terminated in accordance with the terms of the Settlement, then neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be: (1) construed or used as an admission, concession, or declaration by or against Crossbreed of any fault, wrongdoing, breach, liability, or the certifiability of any class, (2) construed or used as an admission, concession, or declaration by or against the Settlement Class Representative or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is inappropriate, improper, or unavailable, or (3) construed or used as a waiver by any Party of any defense or claim he, she, or it may have in this litigation or in any other lawsuit.

[Order continues on next page]

20. In sum, the Court enters the following deadlines:

| Event | Date |
|---|---|
| Settlement Administrator sends Notice to the Settlement Class (the "Notice Date") | Within 20 Days after Entry of Preliminary Approval Order |
| Last day for Settlement Class Members to opt out or object to the proposed Settlement | 45 Days after the Notice Date |
| Last day for Settlement Class Members to submit Claim Forms | 45 Days after the Notice Date |
| Date by which Class Counsel is to file Motion for Final Approval of Settlement and Petition for Award of Attorneys' Fees, Expenses and Service Awards and proposed order | No later than 21 days prior to the Final Approval Hearing |
| Final Approval Hearing | March 11, 2025, 9:30 a.m. (CST) |

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: November 4, 2024